UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:17-cr-00141-JAW |
| | ) | |
| TARAH DOLIBER | ) | |

**ORDER ON MOTION TO SEAL**

During the sentencing hearing in this case on May 11, 2018, defense counsel for Tarah Doliber orally moved to seal her sentencing memorandum and letter to the Court. *Oral Mot. to Seal Sentencing Mem. and Def.'s Ex. 1* (ECF No. 107). The Court preliminarily granted the motion to seal and ordered the parties to file memoranda justifying the sealing of documents that are presumptively public under *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013).

On June 4, 2018, Ms. Doliber filed a memorandum and urged the Court to seal both her sentencing memorandum and her letter to the Court. *Mem. in Supp. of Def.'s Mot. to Seal* (ECF No. 113). She also moved to seal the memorandum in support of her motion to seal. *Mot. to Seal Mem. in Supp. of Oral Mot. to Seal* (ECF No. 114).

On June 8, 2018, the Government filed its memorandum and suggested that some, but not all, of Ms. Doliber's sentencing memorandum and letter to the Court should be redacted. *Mem. Relating to Def.'s Mot. to Seal Sentencing Materials* (ECF No. 116). Specifically, the Government suggested redacting a portion of page two of her sentencing memorandum—from the last sentence of the first full paragraph to the last full sentence. *Id.* at 2 n.2. Although the Government represented that

redactions to Ms. Doliber's letter to the Court generally "might strike the appropriate balance between the public's right of access and the Defendant's competing privacy interests", *id.* at 2, the Government did not suggest any redactions to that letter. *Id.* at 1-2. On June 11, 2018, the Government moved to seal its memorandum relating to the motion to seal. *Mot. to Seal* (ECF No. 118).

Under *Kravetz*, the parties submitted the sentencing memoranda and other documents to the court to "seek to influence the judge's determination of the appropriate sentence" and therefore the documents "fall squarely into the category of materials that a court relies on in determining central issues in criminal litigation." *Id.* at 56. Once the presumption applies, which it does here, "only the most compelling reasons can justify non-disclosure of judicial records." *Id.* 59 (quoting *In re Providence Journal Co. Inc.*, 293 F.3d 1, 10 (1st Cir. 2002) (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987))). Here, the Court accepts the Government's and Ms. Doliber's concerns as legitimate, but the First Circuit has stressed that "where the public's right of access competes with privacy rights, 'it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.'" *Id.* at 62 (quoting *United States v. Amodeo*, 44 F.3d 141, 147 (2nd Cir. 1995)).

With these principles in mind, although the parties made the case for sealing some portions of the documents, other portions of the documents must be available to the public:

(1) Defendant's Motion to Seal Memorandum in Support of Oral Motion to Seal (ECF Nos. 114, 117)

No party has moved for continued sealing of these motions. The Court ORDERS them unsealed.

(2) Defendant's Memorandum in Support of Defendant's Motion to Seal (ECF Nos. 113).

The Court GRANTS in part and DENIES in part the Defendant's motion to seal her memorandum in support of her motion to seal (ECF Nos. 114, 117). The Court seals the memorandum beginning at the third sentence of the second full paragraph of page one though the last sentence of the first full paragraph on page two, and seals the memorandum from the first sentence on page three through the fourth sentence on page three. The Court seals the second paragraph on page three. Otherwise, the Defendant's motion to seal her memorandum in support of her motion to seal is denied.

(3) Government's Motion to Seal (ECF No. 118).

It is unclear whether the Government is seeking to seal its motion seal. *Motion to Seal* (ECF No. 118) (moving the Court to seal ECF No. 116 "as well as any and all related docket entries" without specifying which docket entries qualify as "related"). However, if it is, the Court DENIES the Government's motion to seal its motion to seal because there is nothing in the motion to seal itself that would be subject to sealing.

(4) Government's Memorandum Relating to Defendant's Motion to Seal Sentencing Materials (ECF No. 116)

The Court DENIES the Government's Motion to Seal (ECF No. 118) insofar as the Government is seeking to seal its memorandum relating to the Defendant's motion to seal (ECF No. 116). The Government's memorandum largely summarizes its reading of *Kravetz* and ultimately suggests redaction of a portion of Ms. Doliber's sentencing memorandum without quoting it. The Court cannot see why any of this material should be redacted, and ultimately it is the Government's burden—as the party seeking redaction—to provide the rationale for sealing, which it has failed to do.

(5) Defendant's Sentencing Memorandum (ECF No. 105)

The Court GRANTS in part and DENIES in part the Defendant's motion to seal her sentencing memorandum (ECF No. 107). The Court seals the memorandum from the first complete sentence on page two through the first sentence of the first full paragraph on page two. The Court seals the memorandum beginning with the last sentence of the first full paragraph on page two through the last full sentence on page two. The Court seals the second sentence on page four. Otherwise, the Court DENIES the Defendant's motion to seal her sentencing memorandum.

(6) Defendant's Letter to the Court

The Court GRANTS in part and DENIES in part the Defendant's motion to seal her letter to the Court (ECF No. 107). The Court seals the last sentence in the first full paragraph on page two (beginning with "I shouldn't have . . . ") through the

last sentence in the first paragraph of page six (ending with . . . felt helpless"). The Court seals the last part of the last sentence on page eight (after "overdose and die . . . ."). The Court seals from the second full sentence on page ten (beginning with "I started . . .") to the next to last sentence on page ten (ending with ". . . trapped"). The Court seals the last part of the last sentence of the first paragraph on page eleven (beginning with ". . . especially considering . . . ."). The Court seals the second full paragraph on page sixteen (beginning after "come to my senses . . .") through the bottom of page sixteen. Otherwise, the Court DENIES the Defendant's motion to seal her letter to the Court.

The Court ORDERS the Government and the Defendant to file properly redacted copies of these documents within seven days of the date of this order. The currently filed documents will remain sealed permanently; the newly-filed redacted documents will be made available to the public.

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2018